The **MAY DEPARTMENT STORES COMPANY d/b/a The May Company, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 75–2415.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1977.

Decided May 23, 1977.

K. R. Millisor, Millisor, Rice & Nobil Co., L. P. A., Akron, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Allison W. Brown, Jr., Morton Namrow, Carol De Deo, Washington, D. C., for respondent.

Before EDWARDS and PECK, Circuit Judges, and SILER, District Judge.*

PER CURIAM.

This matter has been submitted on The May Department Stores Company's petition for review of an order of the National Labor Relations Board, and on the respondent Board's cross-application for enforcement of its order. The petition was filed pursuant to Section 10(f) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151, *et seq.*). The Board's order issued on October 5, 1975, and is reported at 220 NLRB No. 168.

The uncontroverted evidence presented to an administrative law judge established that the Company is a major department store operating out of various locations in the Greater Cleveland, Ohio, area. It operates one central warehouse where all merchandise from suppliers is received and relayed to the stores or directly to customers. For many years employees at the warehouse have been represented by Teamster Union Local No. 392 and Local No. 507. The charging party in the proceeding before the administrative law judge was John Zaffle, a member of Local No. 507, and he had been employed at the warehouse since 1941, or for a period in excess of 33 years prior to the incident giving rise to the present action.

That incident, which resulted in Zaffle's suspension and subsequently his discharge, occurred on September 24, 1974. On that date, the record establishes another employee called Zaffle's attention, as a Steward of Local 507, to the fact that a member of Local 392 was operating an elevator. After an exchange with that operator, Zaffle went to the office of Assistant Warehouse Manager Fuote and charged that as a juris-

dictional matter the elevator should have been operated by a member of Local 507. After Zaffle left, Fuote called John Moisio, the Warehouse Superintendent, who went immediately to the elevator, where he encountered Zaffle with three or four employees. A heated argument ensued between Zaffle and Moisio, and after the latter had ordered Zaffle to leave the building and Zaffle refused, he was suspended from his job. Moisio was suffering from Parkinson's disease, and Zaffle said to him, "If you think you are shaking now, just wait and see how I'm going to make you shake." He was thereafter escorted from the building by a Company security guard, and his suspension was later made permanent.

The issue presented is whether the record as a whole contains substantial evidence supporting the Board's finding that the Company violated Section 8(a)(3) and (1) of the Act by suspending and thereafter discharging Zaffle, and in concluding that the actions giving rise to the suspension and discharge were protected concerted and union activities. It is the Company's position that the elevator incident was only the latest in a series of disciplinary problems which the Company had had with Zaffle, whom the record portrays as an active, somewhat abrasive steward.

The credibility determination is the responsibility of the administrative law judge, and whether we might have reached a different conclusion on the evidence is irrelevant. However, even the written record reflects the fact that while Zaffle's statements appear to have been unequivocal and straightforward, Fuote (the Company's principal witness) professed a lack of recollection of the details of the many encounters he had with Zaffle and relied almost entirely on notes purportedly made soon after those encounters. And as the administrative law judge repeatedly points out, some question arises as to the Company's sincerity because the dissatisfaction expressed in Fuote's notes as to Zaffle's activ-

---

* Honorable Eugene E. Siler, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

ities was never made known to this 33-year employee, and certainly no indication was given to him that his discharge was in contemplation at any time prior to the elevator incident. On the other hand, the Board found other occurrences on which the Company placed reliance, and particularly those which took place in 1970 and 1972, to have been "trivial and inconsequential."

We conclude that substantial evidence on the record as a whole supports the Board's findings, and accordingly the petition for review of the Board's order is denied, and the respondent's cross-application for enforcement thereof is granted.